—————————————————————

Docket No.:  3:17-cv-01397-ARC
—————————————————————

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JESUS JOSE PALMERONI

Appellant

v.

N.V.E., INC.

Appellee
—————————————————————

Appeal of Order dated July 24, 2017
of the United States Bankruptcy Court
For the Middle District of Pennsylvania
(J. Thomas), Case No.: 5:16-bk-03073
—————————————————————

**APPELLANT'S BRIEF
<u>IN REPLY</u> TO APPELLEE'S BRIEF**

—————————————————————————————

DAVID J. HARRIS, ESQUIRE
Suite 700 – 69 Public Square
Wilkes-Barre, PA 18701
Telephone: (570) 823-9400
e-mail: dh@lawofficeofdavidharris.com

# **TABLE OF CONTENTS**

BACKGROUND……………………………………………………..1

      Relevant Bankruptcy Case Background

      Summary of NVE's Arguments That are Challenged by Palmeroni

PALMERONI'S REPLY…...…………………………………………..3

    (A)  The Bankruptcy Court's Order Was a Final  Order

    (B)  If the Bankruptcy Court's Order is Determined to be an
         Interlocutory Order, the District Court Should Order Palmeroni to
         File A Motion for Leave to Appeal or Treat the Notice of Appeal
         as a Motion for Leave and Either Grant or Deny
         It………………………………………………………..5

    (C)  The Bankruptcy Court Erred in Granting NVE's Motion to
         Amend its Objection to Palmeroni's Chapter 13 Plan to
         Effectively Enable it to Convert the Objection into a Timely-
         Filed Dischargeabilty Complaint………………………...........11

CONCLUSION……………………………………………………19

Certification of Compliance with Fed. R.B.P 8015(a)(7)……...EXHIBIT  "A"

## TABLE OF AUTHORITIES

### Federal Cases

*Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)……………………………………………………………….……...14

*Covert v. McGuirt*, 879 F.2d 182, 184 (5th Cir. 1989) ……….……................17, 18

*Glover v. F.D.I.C.*, 698 F.3d 139, 144 (3d Cir. 2012)………………………..10, 18

*In re Alton*, 837 F. 2d 457, 459 (11th Cir. 1998)………………………………..…13

*In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d Cir. 1997)……………..16, 17

*In re Burke*, 95 B.R. 716 (B.A.P. 9th Cir. 1989)……………………………….7, 10

*In re Calinoiu,* 431 B.R. 121, 123 (Bankr. W.D. Pa. 2010)………………………13

*In re Englander*, 92 B.R. 425, 426 (B.A.P. 9th Cir. 1998)…………………....15, 16

*In re Fellheimer*, 443 B.R. 355, 372 (Bankr. E.D. PA. 2010)…..……………….....13

*In re Gracey*, 80 B.R. 675, 677 (E.D. Pa. 1987, *aff'd* 849 F.2d 601 (3d Cir. 1998)………………………………………………………………………………..4

*In re Marino*, 37 F.3d 1354 (9th Cir. 1994) ………………………………………18

*In Re Natale*, 295 F.3d 375, 379-80 (3d Cir. 2002)…………….…..….…...........4

*In re Rockefeller Ctr. Properties, Inc. Sec Litig.*, 311 F.3d 198, 212 (3d Cir. 2002)……………………………………………………………………………16

*In re Rowlands,* 275 B.R. 209 (Bankr E.D. Pa. 2002)……..………………..…..9, 13

*In re Westinghouse Sec. Litig.*, 90 F. 2d 696, 707 (3d Cir. 1996)………. ……….16

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)…………….......17

*Miyasaki v. Lui (In re Lui)*, Adv. 12-05220, Opinion at page 11, (B.A.P. 9th Cir. 2014) ………………..…………………………………………………………17

*Neeley v. Murchinson*, 815 F.d 345, 347 (5th Cir. 1987)………………….……13

*Okeen v. Barnes*, 956 F.2d 277 (10th Cir. 1992)………………….…..………...13

*Olick v. Kearney,* No. CIV. A. 08-MC-05, 2008 WL 901689, at *1 (E.D. Pa. Apr. 2, 2008) ………………………………………………………………...………...6

*Patrick v. Dell Fin. Servs*., 266 B.R. 378, 384 (M.D. Pa. 2007)………………..4, 6

*Simon v. Farmland Industries,* 505 F.Supp. 59 (E.D. Pa. 1980)…………………..8

*Sterling Supply Corp. v. Mullinax,* 158 B.R. 660, 662 (E.D. Pa. 1993)…...……6, 8

*Velardi v. Countrywide Bank*, No. CV, 3:16-0470, 2016 WL 1431134, at*3 (M.D. Pa. Apr. 12, 2016) ……………………………………………..……………3, 4

*Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330-31 (1971)….14

## **Federal Statutes and Rules**

11 U.S.C §523(a) …...….….………….…………….….…….……..…...…..…18

28 U.S.C. §158…………………………………………………………...……..6

28 U.S.C. §158(a)(1)………………………………….………………………...1, 3

28 U.S.C. §158(a)(3)…………………….………….…………….……...…..2

28 U.S.C. §1292 (b)……………………………………….……...…7

Federal Rule of Bankruptcy Procedure  1019(2)(A)………………………...…....9

Federal Rule of Bankruptcy Procedure  4007(c)……………...5, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18

Federal Rule of Bankruptcy Procedure 7008……………………………………..18

Federal Rule of Bankruptcy Procedure 7015 ……………………….........………12

Bankruptcy Rules 8001-8004……………………………………………………6, 7

Federal Rule of Bankruptcy Procedure 8004(d)…………………..………2, 6, 7, 19

Federal Rules of Civil Procedure, Rule 8 …………….…..………………..17, 18

Federal Rules of Civil Procedure, Rule 9 …………………….…….................17

Federal Rules of Civil Procedure, Rule 9(b) ………………….…………..16, 18

Federal Rules of Civil Procedure, Rule 15 ……………….....………………...12, 14

# BACKGROUND

## Relevant Bankruptcy Case Background

Appellee, N.V.E., Inc. ("NVE") filed a motion in the chapter 13 bankruptcy case of Appellant, Jesus Jose Palmeroni ("Palmeroni"), seeking to amend its chapter 13 plan objection to enable it to effectively convert the plan objection into a timely-filed complaint to determine dischargeability of a purported fraud claim pending in Federal District Court in New Jersey (the "New Jersey Litigation"). (Bk. Dkt. #24.)(App. pp. 009-012[1].)

Palmeroni challenged NVE's motion, and following a hearing, Bankruptcy Judge Thomas issued an Order and Opinion on June 24, 2017 granting the relief sought by NVE allowing it to amend its plan objection by filing a dischargeablity complaint (the "Order"). (Bk. Dkt. #97; #98.)(App. pp. 001-005.)

Palmeroni timely filed an appeal of the Order.

## Summary of NVE's Arguments That are Challenged by Palmeroni

NVE argues that the District Court does not have jurisdiction pursuant to 28 U.S.C. §158(a)(1) to hear an appeal of the Order, because it is not a final order of

---

[1] References to "Bk. Dkt. # __ are references to the bankruptcy case docket numbers. References to "App. pp.__" are references to the page number or numbers in the Appendix that was attached to the Appellant's principal brief. References to "NVE Brief, pp. __ " are references to the page numbers in the Appellee's brief.

the Bankruptcy Court. NVE argues instead that the Order was interlocutory. (NVE Brief, pp. 1-2, 5-15; Doc. #10, pp, 8-9, 12-22.)

NVE argues further that, since the Order was interlocutory, Palmeroni should have sought leave of this Court to appeal the Order pursuant to 28 U.S.C. §158(a)(3), but that he did not. (NVE Brief, pp. 5-15; Doc. #10, pp. 12-22.)

NVE acknowledges, however, that if a party is required to obtain leave of the District Court to appeal an interlocutory order, but fails to do so, the Court has the following options: (1) it may order the appellant to file a motion for leave; or (2) it may treat the notice of appeal as a motion for leave and either grant or deny it; and (3) if the Court orders that a motion for leave be filed, the appellant must do so within 14 days after the order is entered, unless the order provides otherwise. (*Citing*, Fed. R. Bankr. P. 8004(d)). (NVE Brief, pp. 9-10; Doc. #10, pp. 16-17.)

NVE claims that, even if Palmeroni had filed a motion for leave, the motion would have been denied, because Palmeroni would not be able to establish that he has valid grounds for an interlocutory appeal, as he would not be able to show that a controlling question of law was involved, that there were substantial grounds for a difference of opinion, and that an immediate appeal would materially advance the ultimate termination of litigation. (NVE Brief, p. 11; Doc. #10, p. 18.)

NVE argues alternatively that, if the District Court does not dismiss Palmeroni's appeal on these grounds, it should nevertheless affirm the Order,

2

because the Bankruptcy Court properly found that NVE's objection to Palmeroni's chapter 13 plan substantially complied with the requirements for filing a complaint challenging dischargeability and therefore an amended or subsequent filing by NVE should relate back to the date of the filing of the plan objection to enable it to be deemed to be a timely-filed dischargeability complaint.  (NVE Brief, pp. 16-30; Doc. #10, pp. 23-37.)

NVE argues that the District Court's standard of review of the Bankruptcy Court's Order should be an abuse-of-discretion standard. (NVE Brief, pp. 2-3; Doc.#10, pp. 9-10.)

**PALMERONI'S REPLY**

**(A) The Bankruptcy Court's Order
Was a Final Order**

Contrary to NVE's argument, this Court has jurisdiction to hear the present appeal pursuant to 28 U.S.C. §158(a)(1), as the Order was a final order. (Appellant's Brief, p.1; Doc. # 9, p. 6).

NVE asserts that, to determine whether a bankruptcy court order is final, the Third Circuit uses the same principles that are applied in the context of general civil litigation and that, "[a]n order in an individual adversary proceeding is not final until it ends the litigation on the merits and leaves nothing more for the Court to do but to execute the judgment." *Citing*, *Velardi v. Countrywide Bank*, No. CV,

3

3:16-0470, 2016 WL 1431134, at *3 (M.D. Pa. Apr. 12, 2016); *In Re Natale*, 295 F.3d 375, 379-80 (3d Cir. 2002); and *Patrick v. Dell Fin. Servs*., 266 B.R. 378, 384 (M.D. Pa. 2007) among other cases. (NVE Brief, pp.7-8; Doc. #10, pp.14-15.)

NVE recites that, "…[a]n interlocutory order, in contrast, only decides some intervening issues pertaining to the case, … [where] the Court must take some further steps before it is able to adjudicate the matter on the merits." *Citing*, *In re Gracey*, 80 B.R. 675, 677 (E.D. Pa. 1987, *aff'd* 849 F.2d 601 (3d Cir. 1998).(NVE Brief, pp.7-8; Doc. #10, pp.14-15.)

NVE states that the Bankruptcy Court's Order granted its motion to amend its objection, <u>but argues wrongfully</u> that the Order did not impact an ending to the litigation on its merits, but merely resolved a procedural issue that arose during the course of Palmeroni's bankruptcy case. (NVE Brief, p.8; Doc. #10, p.15.)

While there is a fine line on what constitutes a final order and what constitutes an interlocutory order, Palmeroni submits that a Bankruptcy Court order in his favor would have led to finality of <u>the only litigation at issue</u> (*viz*., a determination on whether the deadline to file a dischargeability complaint had expired, thereby precluding NVE from proceeding on the merits of litigation to address whether its purported claim was nondischargeable).

The defining point of "finality" should not be the determination on the merits of the dischargeablity issue or the merits of NVE's claim in the New Jersey

Litigation.   Instead, the focus of "finality" should be upon one issue: a determination of whether NVE satisfied the strict jurisdictional deadline of Bankruptcy Rule 4007(c).[2]

If the Bankruptcy Court had ruled that NVE missed the deadline for filing a dischargeability complaint and did not permit NVE to amend its objection to enable the amended pleading to relate back to NVE's original chapter 13 plan objection, finality would have been achieved. An adversary proceeding relating to nondischargeability would be precluded, obviating any practical need for NVE to continue the New Jersey Litigation, because its cost of doing so would far exceed the small amount, if any, that it could possibly be paid under the terms of Palmeroni's chapter 13 plan.

### (B) If the Bankruptcy Court's Order is Determined to be an Interlocutory Order, the District Court should Order Palmeroni to File a Motion for Leave to Appeal or Treat the Notice of Appeal as a Motion for Leave and Either Grant or Deny It

If the District Court determines that the Order was an interlocutory Order, then it should order Palmeroni to file a motion for leave to appeal or treat the notice of appeal as a motion for leave and either grant or deny it.

For the sake of judicial economy, Palmeroni proposes that the Court treat the notice of appeal as a motion for leave and either grant or deny it.

---

[2]   Palmeroni argues later in this Brief and in his principal Brief that the deadline set forth in Bankruptcy Rule 4007(c) is a strict jurisdictional mandate.

As acknowledged by NVE,  if a party is required to obtain leave of court to appeal an interlocutory order, but fails to do so, a District Court has the following options: (1) it may order the appellant to file a motion for leave; (2) it may treat the notice of appeal as a motion for leave and either grant or deny it; and (3) if the Court orders that a motion for leave be filed, the appellant must do so within 14 days after the order is entered, unless the order provides otherwise. (*Citing*, Fed. Bankr. P. 8004(d)). (NVE Brief, pp. 9-10; Doc. #10, pp. 16-17.)

Palmeroni agrees with NVE's assertion that, before exercising jurisdiction over the merits [of a case], a District Court treating a notice of appeal as a motion for leave must first decide whether to grant or deny that motion. *Olick v. Kearney,* No. CIV. A. 08-MC-05, 2008 WL 901689, at *1 (E.D. Pa. Apr. 2, 2008). Palmeroni also agrees that, neither 28 U.S.C. §158, nor Bankruptcy Rules 8001-8004 provide a standard by which a Court may assess the appropriateness of an interlocutory appeal. (*Citing*, *Sterling Supply Corp. v. Mullinax,* 158 B.R. 660, 662 (E.D. Pa. 1993); *Patrick v. Dell Fin. Servs,* 336 B.R. at 385 (M.D. Pa. 2007)). (NVE Brief, p.10; Doc. #10, p.17.)

Palmeroni acknowledges that, to address this gap and to guide the District Court's determination in deciding whether to accept an appeal of an interlocutory Bankruptcy Court Order, the Third Circuit has imported the standards set forth in

28 U.S.C. §1292(b), which governs appeals of interlocutory orders from District Courts. *Id.* (NVE Brief, p.11; Doc. #10, p.18.)

Pursuant to those criteria, leave to appeal an interlocutory order should only be granted if: "(1) a controlling question of law is involved; (2) the question is one where there is a substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation." *Id.* The burden of establishing each of these elements is on the party seeking leave to appeal. *Id.*

If the District Court determines that the Bankruptcy Court's Order was an interlocutory order, it should consider Palmeroni's notice of appeal as a motion for leave to appeal and grant review of his appeal pursuant to Bankruptcy Rule 8004(d) and the standards set forth in 28 U.S.C. § 1292(b), because the appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal may materially advance the termination of litigation. *See, In re Burke*, 95 B.R. 716 (B.A.P. 9th Cir. 1989)(concluding the same where the application of Bankruptcy Rule 4007(c) was at issue.)

As for the first of the three elements, an order implicates a controlling question of law if, "on appeal, a determination that the decision contained an error

that would lead to reversal." *Sterling Supply,* 154 B.R. at 662 (quoting *Simon v. Farmland Industries,* 505 F.Supp. 59 (E.D. Pa. 1980)).

As acknowledged by NVE in its Brief, an order denying a motion to dismiss for lack of subject matter jurisdiction typically would involve a controlling question of law.  (NVE Brief, p.11; Dkt. #10, p. 18.)  Similarly, the Bankruptcy Appellate Panel in *In re Burke, supra,* concluded that a dismissal of an action for a party's failure to meet the filing deadline under Bankruptcy Rule 4007(c) involved a controlling question of law. 95 B.R. at 717

Accordingly, a controlling issue of law is involved here: The Bankruptcy Court erred in its application of the law by ignoring the strict deadline of Rule 4007(c) and erroneously applying the "relation back" doctrine of Federal Rule 15 to enable NVE to convert its chapter 13 plan objection into a timely-filed complaint to determine dischargeability.

The effect of the Bankruptcy Court's application of the law is outcome-determinative. If the Bankruptcy Court ruled against NVE, the need to continue the New Jersey Litigation[3] and the need for an adversary proceeding in Bankruptcy Court would be lessened or obviated.

NVE argues improperly with respect to the first element that, a judgment in its favor in the New Jersey Litigation would force Palmeroni to convert his chapter

---

[3]   The only purpose that would be served by continuing the New Jersey Litigation would be to determine NVE's entitlement to a monetary award that would enable NVE to receive a pro rata share of the very small amount, if any, that would be available to general unsecured creditors as a class under Palmeroni's chapter 13 plan.

13 case to a case under chapter 7, whereby NVE will have a new time period to file an adversary complaint under Fed. R. Bankr. P. 1019(2)(A).

NVE fails to recognize, however, that if faced with an adverse decision, Palmeroni could convert his case to one under chapter 11, where a new time period to file an adversary complaint would not exist, as Rule 1019 applies only to conversions to chapter 7 and not to conversions to chapter 11.

As for the second element, there is a very substantial ground for a difference of opinion, as there is a genuine doubt as to: (a) whether the Bankruptcy Court should have granted NVE leave to amend its pleading to effectively convert its chapter 13 plan objection into a timely-filed complaint in light of Bankruptcy Rule 4007(c)'s strict mandate; and (b) the correct legal standard that should be applied to resolve that issue.

In support of this assertion, there are differing opinions among the Federal Circuits and a lack of controlling authority in Third Circuit as to whether Bankruptcy Rule 4007(c) is jurisdictional and accordingly, there is a substantial ground for a difference of opinion on this critical issue.   *See*, *In re Rowland*, *infra*, 275 B.R. 209 (Bankr. E.D. Pa. 2002)(where the Bankruptcy Court summarized the conflicting holdings among the Federal Circuits and numerous Bankruptcy Courts).

Further, there clearly is a genuine doubt as to the correct legal standard that should be applied on appeal to the issue in this case.

NVE has asserted that the proper standard to apply in this appeal is an abuse-of-discretion standard. By contrast, Palmeroni submits that the District Court's determination on whether the Bankruptcy Court erred in allowing NVE to effectively convert its objection to Palmeroni's chapter 13 plan into a timely-filed complaint to determine dischargeability requires a legal conclusion, which is reviewed *de novo,* as challenges to the application of the "relation back" doctrine are reviewed *de novo*. *Glover v. F.D.I.C.*, 698 F.3d 139, 144 (3d Cir. 2012).

Finally, and contrary to NVE's assertion, an immediate appeal of the Bankruptcy Court's Order will advance the ultimate termination of the New Jersey Litigation and any adversary proceeding relating to dischargeability of NVE's claim. *See also*, *In re Burke*, 95 B.R. at 717 (where the Bankruptcy Appellate Panel determined that an immediate appeal would materially advance the termination of litigation in a case involving a determination of the application of Bankruptcy Rule 4007(c)).

Here, the appeal will materially advance the termination of litigation, because if NVE's dischargeability complaint is determined to be time-barred, the need for an adversary proceeding will be precluded and the need to continue with the New Jersey Litigation will be lessened, as NVE's will be compelled to share

pro rata the very limited funds, if any, that will be available to general unsecured creditors in Palmeroni's chapter 13 plan.

Agreeing with NVE, in deciding whether the third criterion is satisfied, the Court should consider factors such as: "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties."

Here, if the District Court decides in favor of Palmeroni on the merits of this appeal, the need for an adversary proceeding in Bankruptcy Court on the issue of dischargeabilty will be precluded and a trial in the New Jersey Litigation will be lessened, thus eliminating the need to examine whether the trial would be simplified by the elimination of complex issues and whether discovery could be conducted more expeditiously and at less expense to the parties. An immediate appeal here of the Bankruptcy Court's Order materially advances the termination of any litigation, as there would be no practical need to continue it.

### (C) The Bankruptcy Court Erred in Granting NVE's Motion to Amend its Objection to Palmeroni's Chapter 13 Plan to Effectively Enable it to Convert the Objection into a Timely-Filed Dischargeability Complaint

NVE argues that, if the District Court does not dismiss Palmeroni's appeal on procedural grounds, it should nevertheless affirm the Bankruptcy Court's Order granting its Motion for Leave to Amend.

11

To support its argument, NVE relies initially on Rule 15 of the Federal Rules of Civil Procedure (incorporated into a bankruptcy proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure) for the proposition that a "court should freely give leave [to amend a pleading] when justice so requires." (NVE Brief at pp. 16-20; Doc. #10, pp 16-27.)

With this argument, NVE fails, however, to focus on the critical words, "when justice so requires." The liberal pleading rules to which NVE allude and the cases cited by it appear to apply only where rule-imposed deadlines have not expired.

Here, NVE plainly failed to file a dischargeablity complaint by the deadline date prescribed by Bankruptcy Rule 4007(c).  While having the opportunity to do so, NVE also failed to seek an extension of the deadline within the timeframe specifically set forth in that Rule 4007(c).

The majority of Courts of Appeal have construed Bankruptcy Rule 4007(c)'s mandate strictly.

NVE's error was not a simple procedural technicality. It was aware that it had an obligation to file a complaint to determine dischargeablity and expressly stated so in its objection to chapter 13 plan. This is not a matter of substance over form as NVE declares.

While NVE declares further that the Federal Rules of Bankruptcy Procedure do not create or withdraw Federal jurisdiction (*citing, In re Calinoiu,* 431 B.R. 121, 123 (Bankr. W.D. Pa. 2010))(NVE's Brief at p. 20), it overlooks the opinion of the Bankruptcy Court for the Eastern District of Pennsylvania in *In re Rowlands,* where the Court collected and analyzed in great depth the three lines of judicial thought on whether Rule 4007 is jurisdictional. *In re Rowlands*, 275 B.R. 209 (Bankr. E.D. Pa. 2002).

In *Rowlands*, the Bankruptcy Court held that, "a strict reading of Rule 4007(c) is required and the [creditor's] [m]otion [in this case] must be denied." Id. at 216.

While it appears that the Third Circuit has never acknowledged that an exception to the strict construction of Bankruptcy Rule 4007(c) exists, the *Rowlands* Court concluded that, upon its review of the analysis of the opinions of the various Federal Circuits, "the Third Circuit would interpret Rule 4007(c) similarly, and we hold here that the deadline in the rule is jurisdictional.[4] The rule's plain language, and it[s] specific exception from the rule pertaining to enlargement…evince a clear intent to limit the deadline for nondischargeability actions. *Id. at* 215.

---

[4] This conclusion appears to be adopted by a majority of Federal Courts of Appeal. *See for example*, *First National Bank in Okeen v. Barnes*, 956 F.2d 277 (10th Cir. 1992); *Neeley v. Murchinson*, 815 F.d 345, 347 (5th Cir. 1987); *In re Alton*, 837 F. 2d 457, 459 (11th Cir. 1998); 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003). *Cf., In re Fellheimer*, 443 B.R. 355, 372 (Bankr. E.D. Pa. 2010)(noting that F.R.B.P. 4007(c) is not jurisdictional, but statutory deadlines are subject to defenses of waiver, estoppel and equitable tolling).

For this reason, NVE's reliance on Rule 15 and a liberal approach in allowing a party to amend a pleading where the Bankruptcy Rule 4007(c) deadline has expired is misplaced.

NVE also puts forth the proposition that, "[T]he Third Circuit has also explained that '[i]t is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment.'" (*Citing, Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978) and *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330-31 (1971).

With that proposition in mind, the Court should consider that Palmeroni will be prejudiced if it issues an opinion that permits an amendment to the earlier-filed chapter 13 plan objection, as it is clear from the record that Palmeroni, a bankruptcy debtor with very limited resources (as reflected in his bankruptcy schedules), will be compelled to incur needless time and expense to defend the New Jersey Litigation that would otherwise be rendered meaningless if the District Court reverses the Bankruptcy Court's Opinion, as no purpose will be achieved by continuing with the litigation because there will be little, if anything, for NVE to receive under Palmeroni's chapter 13 plan.

Adding to the prejudice to Palmeroni is that <u>NVE was aware</u> that it had an obligation to file a dischargeability complaint, as <u>it specifically expressed</u> in its

14

objection to his chapter 13 plan that, "NVE <u>will be filing</u> a complaint to determine dischargeability." (Emphasis added.) (Dkt. #240(App. pp. 009-012).

The logical and indisputable interpretation of NVE's statement is its clear acknowledgement that its plan objection <u>was not in fact</u> a dischargeability complaint, because NVE expressly stated that it intended to file a complaint to determine dischargeability, ostensibly sometime in the future.

Rather than stating that it <u>intended to file</u> a complaint, NVE had the option to either file a complaint within the Rule 4007(c) deadline period, <u>which it did not do</u>, or it could have filed a motion to extend the 60-day deadline as is permitted by Rule 4007(c), <u>which it also did not do</u>.

As a result of the foregoing and the weighing of equities and prejudice tilt the scale in favor of a reversal of the Bankruptcy Court's Order.

NVE also cites a Bankruptcy Appellate Panel opinion, *In re Englander*, 92 B.R. 425, 426 (B.A.P. 9th Cir. 1998), to support its argument that certain statutory references in its chapter 13 plan objection should be sufficient either to enable the objection to serve as a dischargeabilty complaint or to allow a newly-filed or amended pleading to relate back to the date of the filing of the objection. NVE declares that the Bankruptcy Appellate Panel allowed a relation back even though Englander's initial pleading contained a legally conclusory statements that were

not nearly as specific as the statements made in NVE's plan objection. (NVE's Brief at p. 18).

In response, the initial pleading in *Englander* was a complaint to determine dischargeability (as acknowledged in NVE's Brief) and not an objection to a chapter 13 plan that <u>made a mere reference to pending litigation</u> without making specific averments of fraud as is required by Federal Rule of Civil Procedure, Rule 9(b).[5]

NVE's simple reference to the pending New Jersey Litigation is insufficient to enable the plan objection to substantially comply with the requirements of a complaint, contrary to NVE's argument beginning at page 20 of its Brief.

The Court of Appeals for the Third Circuit has held that, when a claim "sound[s] in fraud," the complaint requires "well-pleaded allegations of fraudulent misrepresentations or omissions." *In re Rockefeller Ctr. Properties, Inc. Sec Litig.*, 311 F.3d 198, 212 (3d Cir. 2002)(*citing, In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d Cir. 1997); *In re Westinghouse Sec. Litig.*, 90 F. 2d 696, 707 (3d Cir. 1996).

Applying this *heightened* requirement to Bankruptcy Rule 4007(c), the Ninth Circuit Bankruptcy Appellate Panel, in dismissing a late-filed complaint,

---

[5]     NVE improperly makes reference to testimony and submits as a Supplemental Appendix a transcript from the New Jersey Litigation that NVE did not designate as part of the record on this appeal. According, NVE's reference should not be considered by the Court.

recited Ninth Circuit holdings and emphasized that, under that rule, "a party must state with particularity the circumstances constituting fraud." *Miyasaki v. Lui (In re Lui)*, Adv. 12-05220, Opinion at page 11, (B.A.P. 9th Cir. 2014)(Attached to Palmeroni's principal Brief.); (App. pp. 020-027). (*Citing*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).

Adding to the Bankruptcy Appellate Panel's analysis is the analysis of the Court of Appeals for the Fifth Circuit when it held that a creditor's failure to file an objection to dischargeability within the period specified by Rule 4007(c) resulted in a waiver of its objection to dischargeablity, because the creditor failed to include in his earlier-filed motion "any statement specifying the factual circumstance of the debtor's alleged fraud and misrepresentation claims." *Covert v. McGuirt*, *supra,* 879 F.2d at 184.  The Court was clear in its opinion that the earlier-filed filing did not plead the alleged fraud and misrepresentation at issue with the requisite particularity by <u>merely reciting by reference a lawsuit in another court that involved allegations of fraud and misrepresentation</u>. *Id.* at 183-184.

NVE's plan objection is no different than the pleading in *Covert*.

Accordingly, NVE's chapter 13 plan objection did not substantially comply with the requirements of a complaint. The objection fails to meet the pleading requirements of Federal Rules of Civil Procedure, Rules 8 and 9.

In summary, and as set forth more specifically in Palmeroni's principal Brief, NVE's plan objection failed to state the grounds for the Bankruptcy Court's jurisdiction as required by Rule 8, it failed to state whether the proceeding was core or non-core, as required by Bankruptcy Rule 7008[6] (one of the omissions that was found in *In re Marino*, 37 F.3d 1354 (9th Cir. 1994)[7] to be fatal for invoking an exception to Rule 4007(c)), none of the elements of Bankruptcy Code section 523(a) were pleaded, and its plan objection made only an abbreviated reference to, and summary of, the New Jersey Litigation, which did not meet the standard for pleading a fraud claim with the particularity required under Rule 9(b) and as set forth in *Covert*.  879 F.2d at 184.

Further, in examining the content of NVE's plan objection as a whole, its purpose appears clearly aimed at defeating confirmation of Palmeroni's chapter 13 plan and not at objecting to his discharge.

---

[6]   NVE states in footnote 3 on page 23 of Brief that, "[o]n December 1, 2016, Rule 7008 was amended 'to remove the requirement that the pleader state whether the proceeding is core or non-core… See Advisory Committee Notes to Fed. R. Bankr. P. 7008'."  NVE fails to disclose, however, that its plan objection (that failed to plead that the proceeding was core or non-core) was filed with the Bankruptcy Court on October 28, 2016 when the obligation to do so remained intact under the Rules.

[7]   In footnote 4 of its Brief, NVE asserts that many of the arguments in Palmeroni's appeal brief, including his arguments concerning the *Dominquez, Markus and Marino* cases were not raised below. In response, while Palmeroni's present counsel did not participate in the hearing below, the analysis in Palmeroni's appeal brief responds to cases cited in the Briefs filed by NVE in the Bankruptcy Court. As challenges to the application of the "relation back doctrine" are reviewed *de novo* (*Glover v. F.D.I.C.*, 698 F.3d 139, 144 (3d Cir. 2012)), the sole arguments that have been presented are in response to NVE's Brief of record or are made with respect to the application of law to the facts of record in this case.

## **CONCLUSION**

For the foregoing reasons, the District Court should reverse the Bankruptcy Court's Order of July 24, 2017 and deny NVE's motion to amend its chapter 13 plan objection and preclude it from being characterized as a timely-filed dischargeability complaint.

This Court has jurisdiction to hear the present appeal, as the Bankruptcy Court's Order was a final order. Nevertheless, if this Court determines that the Order was not a final order, it should treat Palmeroni's notice of appeal as a motion for leave and grant it pursuant to Fed. R. Bankr. P. 8004(d)).

Finally, the Court should not invoke the "relation back" doctrine and should deny NVE's motion to amend its chapter 13 plan objection to preclude the objection from being characterized as a timely-filed dischargeability complaint. NVE's plan objection failed to substantially comply with the heightened requirements and other rules of pleading for filing a complaint challenging dischargeability.  Most important is that the plan objection expressed that NVE would file a dischargeablity complaint, ostensibly sometime in the future.

**LAW OFFICE OF DAVID HARRIS**

By:  /s/ David J. Harris
        David J. Harris, Esquire
        Suite 700 - 69 Public Square
        Wilkes-Barre, PA  18701
        Telephone: (570) 823-9400                    Dated: November 22, 2017
        dh@lawofficeofdavidharris.com

19

*Docket No.:  3:17-cv-01397-AR*

_____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JESUS JOSE PALMERONI

*Appellant*

*v.*

*N.V.E., INC.*

*Appellee*

## Certificate of Compliance With Rule 8015(a)(7)(B) or 8016(d)(2)

This brief complies with the type-volume limitation of Rule 8015(a)(7)(B) or 8016(d)
(2) because:   4,640

☒  this brief contains ▓▓▓ words, excluding the parts of the brief exempted by
Rule 8015(a)(7)(B)(iii) or 8016(d)(2)(D), or

❑  this brief uses a monospaced typeface having no more than 10½ characters per inch and
contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Rule
8015(a)(7)(B)(iii) or 8016(d)(2)(D).

 /s/David J. Harris_____        Date: ▓▓▓▓▓▓▓▓
Signature                                                                November 24, 2017

Print   name   of   person   signing   certificate
of compliance:

David J. Harris
Counsel to Appellant, Jesus Jose Palmeroni

EXHIBIT "A"

_____

Docket No.:  3:17-cv-01397-ARC
_____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JESUS JOSE PALMERONI

Appellant

v.

N.V.E., INC.

Appellee
_____

Appeal of Order dated July 24, 2017
of the United States Bankruptcy Court
For the Middle District of Pennsylvania
(J. Thomas), Case No.: 5:16-bk-03073
_____

**CERTIFICATE OF SERVICE**
_____

I, DAVID J. HARRIS, ESQUIRE, counsel to the Debtor, JESUS JOSE PALMERONI, certify

that on November 24, 2017, I served by ECF and by email a copy of the Appellant's Brief in Reply to the

Appellee's Brief upon the following person:

<u>Service List</u>

<u>By ECF and By Email:</u>
James William Boyan, III, Esquire, counsel to N.V.E., Inc.
jboyan@pashmanstein.com

RESPECTFULLY SUBMITTED:


Dated:  November 24, 2017                    By:    /s/ David J. Harris, Esquire_____
            Wilkes-Barre, Pennsylvania                    DAVID J. HARRIS, ESQUIRE