# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JESUS JOSE PALMERONI,

    Appellant,

    v.

N.V.E., INC.,

    Appellee.

NO. 3:17-CV-01397

Bankruptcy No. 5-16-bk-03073

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is an appeal filed by Jesus Jose Palmeroni ("Palmeroni") from the July 24, 2017 Order of the United States Bankruptcy Court for the Middle District of Pennsylvania. Palmeroni contends that the Bankruptcy Court erred in granting the motion to amend objection to his Chapter 13 plan filed by Appellee N.V.E., Inc. ("NVE") and holding that NVE's plan objection provided Palmeroni with sufficient information to qualify as a dischargeability complaint. In opposition to the appeal, NVE argues that the appeal should be dismissed because the Bankruptcy Court's July 24, 2017 Order was not a final order pursuant to 28 U.S.C. § 158(a)(1) and Palmeroni failed to obtain leave of court to proceed with an interlocutory appeal under § 158(a)(3). I agree that the Bankruptcy Court's Order granting the motion to amend was not a final order pursuant to § 158(a)(1). Nevertheless, as permitted by Federal Rule of Bankruptcy Procedure 8004(d), Palmeroni's notice of appeal will be treated as a motion for leave to appeal. However, for the reasons explained below, the motion for leave to appeal will be denied.

## I. Background

Palmeroni filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July 27, 2016. (*See* Doc. 6-1, *generally*). The meeting of creditors was scheduled for August 29, 2016. (*See* App. 008). October 28, 2016 was therefore the deadline for filing a complaint objecting to dischargeability. (*See id*.).

On September 30, 2016, NVE filed its "Objection to Debtor's Chapter 13 Plan." (*See* App. 009-012). Therein, NVE noted that it had a federal lawsuit pending against Palmeroni for the past ten (10) years in the United States District Court for the District of New Jersey (the "New Jersey action") for "in excess of $31 million based on claims of the Debtor's fraud, breach of loyalty and violations of Federal and New Jersey Civil RICO statutes." (*Id*. at 009, ¶ 1). NVE further asserted in its objection that:

> 6. Apparently, by failing to provide notice to NVE, the Debtor hoped to avoid NVE having notice and an opportunity to object to the plan or to object to the discharge of its $31 million claim in the Fraud Lawsuit.
>
> 7. The debtor's proposed Chapter 13 Plan sets forth a zero value for NVE's $31 million Fraud Lawsuit.
>
> 8. As set forth in the pleadings in the Fraud Lawsuit, the Debtor was NVE's former Vice President of Sales, and is alleged to be the lynchpin of two conspiracies among NVE's former employees and outside brokers and distributors to steal money, products and opportunities from NVE. As a Vice President of the company, the Debtor owed NVE a duty of loyalty, which fiduciary duty he breached as set forth in the Fraud Lawsuit.
>
> 9. NVE has filed simultaneously with this Objection to Confirmation of Debtor's proposed plan, a Proof of Claim in the amount of $31,250,462.93 representing estimated economic damages as a result of Debtor's fraud, breaches of fiduciary duty and embezzlement.
>
> 10. Pursuant to 11 U.S.C. § 1328(c)(2) and § 523(a) NVE's claims in the Fraud Lawsuit, and its proof of claim, are non-dischargeable. Specifically, § 523(a)(4), provides an exception to discharge "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." § 523(a)(4). NVE will be filing a complaint to determine dischargeability.
>
> 11. NVE objects to the chapter 13 Plan, not only because it is improperly attempting to discharge NVE's non-dischargeable claim, but also because the Debtor has clearly acted in bad faith throughout this bankruptcy process. By trying to hide the magnitude and basis of NVE's claims the Debtor also has violated his duties of disclosure to this Court, and the other parties in interest.
>
> 12. In addition, the Debtor claims to only have a few hundred thousand dollars in assets, but given the millions of dollars fraudulently obtained by the Debtor from NVE, NVE believes that the Debtor is not accurately disclosing its

2

> assets. Creditors should not be forced to accept a Chapter 13 Plan where the Debtor has failed to include all of its assets. At the very least, the Plan confirmation should be adjourned until a full investigation of the Debtor's assets can be completed.
>
> 13. For the foregoing reasons, NVE respectfully requests that Plan confirmation be denied, that the Debtor's asset disclosures be investigated, that NVE's claim not be subject to a discharge order under the Chapter 13 Plan, and that the Court grant NVE such other and further relief as is just and proper.

(*Id*. at 009-011, ¶¶ 6-13). NVE, however, did not file a complaint objecting to dischargeability prior to the October 28, 2016 deadline. (*See* Bankr. Dkt, *generally*).

On October 4, 2016, NVE filed a motion for relief from the automatic stay. (*See* Bankr. Dkt. 25). Palmeroni filed an amended Chapter 13 plan on October 17, 2016. (*See* Bankr. Dkt. 29). NVE filed an objection to the amended plan on November 16, 2016. (*See* Bankr. Dkt. 47).

On November 22, 2016, the Bankruptcy Court granted NVE's motion for relief from the automatic stay in order to allow the New Jersey action to proceed through summary judgment. (*See* Bankr. Dkt. 51). NVE subsequently filed a second motion for relief from the stay to allow the New Jersey action to proceed to trial. (*See* Bankr. Dkt. 59). The Bankruptcy Court granted that motion on February 22, 2017. (*See* Bankr. Dkt. 60).

Palmeroni filed his second amended Chapter 13 plan on March 3, 2017. (*See* Bankr. Dkt. 61). NVE objected to that plan as well. (*See* Bankr. Dkt. 65).

On March 17, 2017, NVE filed a "Motion to Amend Objection to Debtor's Chapter 13 Plan." (Doc. 6-6, *generally*). In that submission, NVE requested leave of the Bankruptcy Court "to amend its Objection and convert it to a Complaint for non-dischargeability that relates back to the date that it filed the Objection." (*Id*. at 10). After Palmeroni filed a brief in opposition to the motion to amend, (*see* Bankr. Dkt. 66), and NVE filed a reply thereto, (*see* Bankr. Dkt. 67), the Bankruptcy Court heard oral argument on the motion. (*See* Doc. 7, *generally*). At oral argument, counsel for

NVE also asserted that the first motion to lift the automatic stay was filed within the sixty (60) day window, *i.e.*, before October 28, 2016, and it "describe[d] exhaustively the factual bases of the fraud claim." (*See id*. at 8:6-13). The parties were given the opportunity to file post-argument briefs, (*see id*. at 17:5-9), which they did. (*See* Bankr. Dkt. 70-71).

By Order dated July 24, 2017, the Bankruptcy Court granted NVE's motion to amend. (*See* App. 001-005). The "salient question," said the Bankruptcy Court, "is whether an objection to plan, filed within the complaint deadline, can substitute for the timely filing of a complaint under the rules?" (App. 003). Noting that this issue has not been frequently addressed by courts, the Bankruptcy Court found "some authority for a filed document to be amended to a pleading of a different nature." (*Id*. (citations omitted)). In light of that authority and considering the allegations in the pleading NVE sought to amend, the Bankruptcy Court concluded that NVE's objection to Palmeroni's Chapter 13 plan contained sufficient information to be considered a timely filed complaint objecting to dischargeability. (*See* App. 003-004). Thus, the Bankruptcy Court granted NVE leave to amend its pleading and to initiate an adversary proceeding. (*See* App. 001). Palmeroni filed a notice of appeal from that Order on August 7, 2017. (*See* Doc. 1). On August 11, 2017, NVE filed its Adversary Complaint in the Bankruptcy Court. (*See* App. 013-019).

Palmeroni submitted his Appellant brief on October 10, 2017. (*See* Doc. 9). Palmeroni frames the issue on appeal as follows:

> Whether the Bankruptcy Court erred in its opinion and by its order of July 24, 2017 by holding that N.V.E., Inc. ("NVE") could effectively convert its objection to Palmeroni's Chapter 13 Plan into a complaint objecting to dischargeability, so that the complaint would be deemed to be timely filed notwithstanding that NVE did not file a complaint objecting to dischargeability by the deadline prescribed by Bankruptcy Rule 4007(c).

4

(*Id*. at 2).[1]

NVE filed its Appellee brief on November 9, 2017. (*See* Doc. 10). NVE argues that the Bankruptcy Court Order appealed by Palmeroni is not a final order under 28 U.S.C. § 158(a)(1), that there is no basis for exercising jurisdiction over the interlocutory appeal, and even if jurisdiction is exercised over the appeal, the Order granting NVE's motion to amend should be affirmed. (*See id*. at 7-30).

Palmeroni's reply brief was filed on November 24, 2017. (*See* Doc. 12). Although Palmeroni disputes NVE's characterization of the July 24, 2017 Order as interlocutory, he contends that, regardless, the notice of appeal should be treated as a motion for leave to appeal, that the motion should be granted, and the Bankruptcy Court's Order granting NVE's motion to amend should be reversed on the merits. (*See id*. at 3-19).

## II. Discussion

Before considering the merits of Palmeroni's appeal, I must first assess whether there is jurisdiction to hear this appeal. NVE, as stated, contends that the Bankruptcy Court's Order is not final and thus not appealable as of right, and second, that the circumstances do not warrant interlocutory review.

Under 28 U.S.C. § 158(a)(1), the district court has jurisdiction of all appeals from "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(1). "[T]he grant of a leave to amend is an interlocutory order." *United States*

---

[1] Bankruptcy Rule 4007(c) states that a complaint to determine the dischargeability of particular debts under § 523(c) of the Bankruptcy Code "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c). Bankruptcy Rule 4007(c) further provides that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." *Id*. This rule "unambiguously requires that a motion for an extension of time 'shall be filed before the time has expired.' Reference to 'the time' in this passage is clearly a reference to the date fixed for the filing of a complaint." *In re Weinberg*, 197 F. App'x 182, 185 (3d Cir. 2006).

*ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 493 (3d Cir. 2017) (citing *Powers v. Southland Corp.*, 4 F.3d 223, 229 (3d Cir. 1993)). Here, the July 24, 2017 Order of the Bankruptcy Court granting NVE's motion to amend is an interlocutory order, and, therefore, jurisdiction does not exist over the instant appeal pursuant to 28 U.S.C. § 158(a)(1). *See, e.g., In re Mango*, 216 B.R. 34, 38 (9th Cir. BAP 1997).

Nevertheless, 28 U.S.C. § 158(a)(3) provides a district court with jurisdiction to hear appeals "with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(3). Federal Rule of Bankruptcy Procedure 8004 states, in pertinent part:

> To appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. § 158(a)(3), a party must file with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a). The notice must:
>
> (1) be filed within the time allowed by Rule 8002;
>
> (2) be accompanied by a motion for leave to appeal prepared in accordance with subdivision (b) . . . .

Fed. R. Bankr. P. 8004(a). Rule 8004 further provides:

> If an appellant timely files a notice of appeal under this rule but does not include a motion for leave, the district court or BAP may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it. If the court orders that a motion for leave be filed, the appellant must do so within 14 days after the order is entered, unless the order provides otherwise.

Fed. R. Bankr. P. 8004(d).

"Although 28 U.S.C. § 158(a)(3) permits the Court to entertain appeals from interlocutory orders, the statute does not provide any criteria that would enable the Court to assess whether leave to appeal is appropriate." *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 385 (M.D. Pa. 2007). In the absence of statutory guidance, district courts in the Third Circuit have imported the criteria of 28 U.S.C. § 1292(b) to determine when granting leave to appeal an interlocutory order of a bankruptcy court is appropriate. *See, e.g., In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011); *In re Philadelphia Newspapers, LLC*, 418 B.R. 548, 556 (E.D. Pa. 2009), *aff'd*, 599

6

F.3d 298 (3d Cir. 2010), *as amended* (May 7, 2010); *Patrick*, 366 B.R. at 385.

Under § 1292(b), an interlocutory appeal may be granted if: (1) a controlling question of law is at issue; (2) there are substantial grounds for difference of opinion as to that question of law; and (3) an immediate appeal would materially advance the litigation's termination. *In re Rosen*, 560 B.R. 415, 421 (E.D. Pa. 2016); *AE Liquidation*, 451 B.R. at 346. The party requesting leave to appeal an interlocutory order has the burden to demonstrate the existence of these criteria. *See Patrick*, 366 B.R. at 385. The party seeking leave must also establish that "exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *Rosen*, 560 B.R. at 421 (quoting *In re Del. & Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989)).

Pursuant to Bankruptcy Rule 8004(d), Palmeroni's notice of appeal will be construed as a motion for leave to appeal. *See, e.g.*, *Patrick*, 366 B.R. at 388-89 (considering notice of appeal to be a motion for leave to appeal under Fed. R. Bankr. P. 8003(c)). Nevertheless, for the reasons that follow, Palmeroni's motion for leave to appeal will be denied.

In the matter *sub judice*, Palmeroni fails to demonstrate that exceptional circumstances justify the grant of interlocutory review. First, Palmeroni's argument that a controlling question of law is presented here pursuant to *In re Rowland*, 275 B.R. 209, 213-16 (E.D. Pa. Bankr. 2002) (Raslavich, J.), which he contends confirms that the filing deadline established by Rule 4007(c) is jurisdictional and upon its expiration courts are deprived of subject matter jurisdiction to entertain adversary proceedings, is without merit. "Rule 4007(c) is not jurisdictional." *In re Turchin*, No. 16-6160, 2017 WL 923897, at *2 (C.D. Cal. Mar. 8, 2017) (citing *Kontrick v. Ryan*, 540 U.S. 443, 454, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004) ("[T]he filing deadlines prescribed in Bankruptcy Rules . . . are claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate.")); *Wilkerson Fuel, Inc. v.*

*Elliott*, 415 B.R. 214, 221 (D.S.C. 2009).[2]

Moreover, while the Bankruptcy Court's July 24, 2017 Order may present a controlling question of law insofar as it determined that NVE's plan objection provided Palmeroni with sufficient notice that it was objecting to the dischargeability of its claim, another significant legal question was not resolved by the Bankruptcy Court: whether NVE's adversary complaint relates back to its plan objection. Although Palmeroni contends on appeal that the Bankruptcy Court found that NVE's adversary complaint relates back to the plan objection under Rule 15(c), the relation back issue was not resolved by the lower court, which decided only that leave to amend was appropriate pursuant to Rule 15(a)(2). "[U]nder Rule 15 of the Federal Rules of Civil Procedure, the decision whether to allow a plaintiff to amend the complaint is separate from, and based upon a different standard than, the decision whether the new claim relates back to the original complaint." *Caban-Wheeler v. Elsea*, 71 F.3d 837, 841 (11th Cir. 1996); *see also Arthur v. Maersk Inc.*, 434 F.3d 196, 202-203 (3d Cir.2006) (explaining that "[l]eave to amend under subsection (a) and relation back under subsection (c) [of Rule 15], while obviously related, are conceptually distinct"); *accord Beem v. Ferguson*, - - - F. App'x - - -, 2018 WL 718609, at *6-7 (11th Cir. Feb. 6, 2018) (because "motion functioned as an original adversary complaint, we must next determine whether the allegations described in his later-filed complaint 'arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading.'"). Here, the Bankruptcy Court correctly addressed only whether to grant NVE leave to amend, not whether the to-be-

---

[2] In fact, the presiding bankruptcy judge in *In re Rowland* has since noted this as well. *See In re Greaux*, No. 14-12441, 2016 WL 3443582, at *2 (Bankr. E.D. Pa. June 15, 2016) (Raslavich, J.) ("The time limitation fixed in this rule is strictly construed. Indeed, it was once considered by various court to be jurisdictional. Since the Supreme Court's opinion in *Kontrick v. Ryan*, 540 U.S. 443, 454, 124 S. Ct. 906 (2004), however, the time constraints are considered "claim-processing rules" subject to principles of equitable tolling.").

filed adversary complaint related back to the plan objection. (*See* App. 001-005).[3] Under these circumstances where the relation back issue has not been addressed, interlocutory review of the Bankruptcy Court's July 24, 2017 Order is not appropriate.

Second, I do not believe that a substantial ground for a difference of opinion exists as to whether the Bankruptcy Court applied the proper standard in concluding that a timely but improperly filed document can satisfy the requirements of Bankruptcy Rule 4007(c). "In the bankruptcy context, where a party files a timely document that substantially complies with the federal pleading rules for an adversarial complaint (but is technically deficient for some reason), and then files an untimely adversarial complaint correcting these deficiencies, the untimely complaint may be deemed as timely." *In re Lui*, 646 F. App'x 571, 573 (9th Cir. 2016) (citing *In re Markus*, 313 F.3d 1146, 1149 (9th Cir. 2002)). According to the Ninth Circuit, "if the pleading substantially complies with the requirements of a complaint by giving the debtor 'fair notice of what the plaintiff's claim is and the grounds upon which it rests,'" it can be construed as an adversary complaint for purposes of Bankruptcy Rule 4007(c). *In re Markus*, 313 F.3d at 1149-50 (quoting *In re Dominguez*, 51 F.3d 1502, 1508 (9th Cir. 1995)). Courts that have addressed this issue have typically applied the same or a substantially similar standard. *See, e.g.*, *Beem*, 2018 WL 718609, at *3-6; *In re Lui*, 646 F. App'x at 573; *In re Martin*, No. 16-2035, 2016 WL 4919831, at *1 (Banrk. S.D. W. Va. Aug. 9, 2016); *In re Klaczak*, 541 B.R. 850, 851 (Bankr. N.D. Ill. 2011); *In re Holcombe*, No. 05-14779, 2006 Bankr. LEXIS 2540, at *8-11 (Banrk. E.D. Va. May 18, 2006); *Wilkerson Fuel*, 415 B.R. at 220; *In re Little*, 220 B.R. 13, 17-20 (Bankr. D.N.J. 1998); *In re Dawson*, 185 B.R. 406, 407 (Bankr. D.R.I. 1993).

---

[3] This is underscored by the fact that although NVE sought in its proposed order to have the Bankruptcy Court declare "that the Complaint shall relate back to the date of NVE's Objection to Debtors' Chapter 13 Plan (September 30, 2016)," (Bankr. Dkt. 64-5), the Bankruptcy Court's Order simply granted NVE's motion to amend and afforded NVE twenty-one (21) days to commence an adversary action. (*See* App. 001).

While these cases reach different outcomes as to whether the timely filed document substantially complied with the requirements of a complaint and provided fair notice to the debtor of the creditor's claim and the grounds upon which it was based, these courts all applied the same or a materially similar standard to that utilized by the Bankruptcy Court. Thus, there is not substantial doubt that the Bankruptcy Court applied the correct legal standard. *See, e.g., Cuttic v. Crozer-Chester Med. Ctr.*, 806 F. Supp. 2d 796, 804-05 (E.D. Pa. 2011) ("[S]ubstantial grounds for difference of opinion exist where there is general doubt or conflicting precedent as to the correct legal standard.").

Finally, even if an immediate appeal would materially advance the termination of this litigation - an issue I do not decide - the instant appeal, as explained above, does not satisfy the other requirements of § 1292(b) or present extraordinary circumstances warranting interlocutory review. Thus, there is no reason to depart from the usual practice of waiting until the entry of a final judgment to review the issues raised in this appeal. Palmeroni's motion for leave to appeal will be denied.

### III. Conclusion

For the above stated reasons, Palmeroni's motion for leave to appeal, converted from his notice of appeal pursuant to Bankruptcy Rule 8004(d), will be denied.

An appropriate order follows.

<u>February 23, 2018</u>  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge